SUMMARY ORDER
Appellant Ad Hoc Committee of Kenton County Bondholders appeals from an August 28, 2007 judgment of the District Court, affirming a Settlement Order entered by the Bankruptcy Court on April 24, 2007. We assume the parties’ familiarity with the underlying factual and procedural history of the case, though we revisit key portions of that history here.
Appellant is a group of Bondholders, who hold approximately $50 million in face amount of the approximately $400 million in bonds issued by the Kenton Country Airport Board (“KCAB”), pursuant to a 1992 Trust Indenture, between KCAB and Star Bank, N.A., the predecessor-in-interest to UMB Bank, N.A. (the “Trustee”), and guaranteed by Delta Air Lines, Inc. (“Delta”). On September 14, 2005, Delta filed a petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code. On March 8, 2007, Delta filed a motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking approval from the Bankruptcy Court of a settlement agreement, entered into by Delta, KCAB, and the Trustee. Appellant filed timely objections to the motion. On April 24, 2007, the Bankruptcy Court approved the settlement agreement. Appellant filed an appeal, arguing, inter alia, (1) that the Bankruptcy Court lacked jurisdiction to impose a settlement that released claims against KCAB, Delta, the Trustee, and other Bondholders; and (2) that, in the first instance, the Trustee lacked authority to bind dissenting Bondholders to a settlement, which reduced the principal and interest that would be repaid under the KCAB Bonds. Appellant also sought a stay pending appeal, which was denied by the Bankruptcy Court on April 26, 2007, and by the District Court on May 2, 2007.
On August 27, 2007, the District Court affirmed the Settlement Order. First, the District Court determined that appellant’s claims were “equitably moot.” Specifically, it determined that in light of the fact that “irreversible financial transactions ... ha[d] occurred, and because Delta has entered into a whole new set of agreements,” appellant could not show how vacating the Settlement Order, even if it were possible, would not create an unmanageable situation for the Bankruptcy Court. J.A. at 69. The District Court then noted that even if it were to consider the merits of appellant’s arguments, contrary to appellant’s *457 assertions, (1) the Bankruptcy Court did have jurisdiction to impose a settlement that released claims against KGAB, Delta, the Trustee, and other Bondholders, and (2) the Trustee did have authority to bind dissenting Bondholders to a settlement reducing the principal and interest that would be repaid under the KCAB Bonds. Appellant filed a timely notice of appeal. Before this Court, appellant argues that its appeal is not equitably moot, and renews the arguments made before the District Court and Bankruptcy Court.
We note that “[i]n an appeal from a district court’s review of a bankruptcy court’s decision, we conduct an independent examination of the bankruptcy court’s decision.” In re Flanagan, 503 F.3d 171, 179 (2d Cir.2007) (citing In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir.2007)). We review the bankruptcy court’s factual findings for clear error, and its legal conclusions de novo. Id. Additionally, a district court’s determination that an appeal is “equitably moot” is (by definition) an equitable decision, and we review a district court’s fashioning of equitable relief for abuse of discretion. See Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir.1992), implicit overruling on other grounds recognized by Polanco v. U.S. Drug Enforcement Admin., 158 F.3d 647, 651 (2d Cir.1998). See generally Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist., 374 F.3d 66, 76 (2d Cir.2004). Approvals of Bankruptcy Rule 9019 settlements are also reviewed for abuse of discretion. In re Iridium Operating, LLC, 478 F.3d 452, 461 n. 13 (2d Cir.2007).
Upon a review of the relevant case law and the record in this case, we conclude that the District Court did not err — much less abuse its discretion — in determining that appellant’s claim is equitably moot. In particular, we agree fully with the District Court’s conclusion that
[bjecause of the irreversible financial transactions that have occurred, and because Delta has entered into a whole new set of agreements relating to its use of the Cincinnati/Northern Kentucky Airport as a hub of its operations, the appellants cannot show that a vacatur of the Settlement Order, even if it were possible, would not knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court.
J.A. at 69 (internal quotation marks omitted). However, we note that even if we were to consider the merits of appellant’s arguments, for substantially the reasons stated in the Bankruptcy Court’s thorough and well-reasoned decision of April 25, 2007, we would affirm the Settlement Order.

CONCLUSION

We have considered all of appellant’s claims on appeal and found them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.